STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Marsh Zoning Permit | } | Docket No. 135-7-08 Vtec[1] |
| (Appeal of Efthim) | } | |
| | } | |

<u>Decision and Order on Motions to Dismiss</u>

Appellants William and Roberta Efthim, James and Dorothy Field, Burton and Margaret McGillivray, William and Lisa Pezzoni, and Louis and Rosemarie Scibetta appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hartford, denying their appeal of the Zoning Administrator's issuance of a zoning permit to Appellee-Applicant Blanche Marsh. Appellants are represented by Steven R. Saunders, Esq.; Appellee-Applicant is represented by Elizabeth K. Rattigan, Esq.; and the Town is represented by William F. Ellis, Esq.

The Town has moved to dismiss Questions 2, 4, 5, 6, and 7 of the Revised Statement of Questions, and to dismiss Question 1 to the extent that it relates to the Quechee Declaration of Covenants (but not to the extent it relates to the Quechee Lakes Master Plan). Appellee-Applicant has also moved to dismiss Questions 1, 2, 4, 5, 6, and 7.

In 1971 Appellee-Applicant Blanche S. Marsh acquired a so-called Farmstead parcel, on Hillside Road in the Quechee Lakes Planned Development. It then consisted of 5.67-acre lot and a 1-acre lot. The Quechee Lakes Planned Development received municipal as well as Act 250 approval, including municipal approval of the Quechee Lakes Master Plan in 1971 and in 1988. Neither the Declaration of Covenants for the

---

[1] Please note that the correct docket number for this appeal is 135-7-08 Vtec, not the 2007 docket number that appears on some of the documents filed in this matter.

Quechee Lakes Planned Development nor any specific deed restrictions have received municipal approval in connection with approval of the development.

The Quechee Lakes Master Plan defines a Farmstead parcel in § 3-3J as a "single family parcel consisting of 2 lots and containing not less than a total of 4 acres." In § 3-3L it defines "Guest House" as a "non-rental accessory structure intended for occupancy by family and friends."

In 1984, the Planning Commission approved the resubdivision of Ms. Marsh's Farmstead parcel into two lots, each consisting of approximately 3.3 acres in area. That approval was not appealed and cannot now be contested in this Court under 24 V.S.A. Chapter 117, either directly or indirectly. 24 V.S.A. §4472(d). As of the 1984 resubdivision, Lot 11-1074A-000 (Lot A) contained an existing single-family dwelling that had received a zoning permit in 1973, and Lot 11-1074B-000 (Lot B) was undeveloped.

After that date, Lot A was further developed with a detached accessory garage structure, with a guest residential dwelling unit on its upper floor. The garage received a zoning permit in 1985; the guest dwelling unit received a zoning permit in 1986. These permits have not been provided from which the Court could determine if the residential dwelling unit above the garage was approved as an accessory structure or use. The 1986 approval of the guest apartment also was not appealed and cannot now be contested in this Court under 24 V.S.A. Chapter 117, either directly or indirectly. 24 V.S.A. §4472(d).

The present application proposes the construction of a single-family residence, with attached garage and deck, on the undeveloped Lot B.

Appellants appear to argue that, under the Quechee Lakes Master Plan and the Quechee Lakes Covenants, a maximum of two dwelling units can be built on a two-lot Farmstead parcel. They argue that the single-family dwelling on Lot A and the accessory dwelling unit (guest house) on Lot A should have been counted as the two

single family residences allowed on the original lot, precluding construction of and additional dwelling on Lot B. They argue that the resubdivision of the original Farmstead parcel into two equal-sized lots of over two acres each does not allow a guest house as well as a single-family house to be constructed on each of the two resulting parcels.

The Environmental Court may consider provisions in deeds and private covenants, but only as they relate to issues within the Court's jurisdiction. For example, the Court may consider whether the width of a particular deeded right-of-way meets the minimum requirements of the zoning or subdivision ordinance. In a municipal appeal such as the present case, this Court does not have jurisdiction to resolve disputed property questions; it only has jurisdiction to determine whether a particular proposal meets the requirements of the municipal zoning or subdivision ordinances, or the conditions of other relevant permits or prior municipal panel or Environmental Court decisions issued under 24 V.S.A. Chapter 117. See, e.g., In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.), aff'd, No. 2007-259, slip op. at 3 (Vt. Apr. 11, 2008) (unpublished mem.); In re Appeal of Hildebrand, No. 228-12-04 Vtec, slip op. at 4 (Vt. Envtl. Ct. Oct. 13, 2005) (Durkin, J.), aff'd, 2007 VT 5, 181 Vt. 568 (mem.); In re Appeal of Siegel, No. 258-11-00 Vtec, slip op. at 2 (Vt. Envtl. Ct. Dec. 10, 2001) (Wright, J.), aff'd, No. 2002-039, slip op. at 3 (Vt. June 27, 2002) (unpublished mem.).

In the present case, issues of whether the proposal meets the Quechee Lakes Master Plan do relate to the Court's jurisdiction over whether the proposal qualifies for a zoning permit, because approval of the Quechee Lakes Master Plan was part of the municipal approval of the development. By contrast, issues of whether the proposal conflicts with certain deed restrictions or covenants does not relate to that jurisdiction, as those deed restrictions or covenants were not part of the municipal approval of the development, even if the development uses those covenants or deed restrictions

3

internally to carry out the overall plan for the development.  See Boutin, No. 93-4-06 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.), aff'd, No. 2007-259, slip op. at 3 (Vt. Apr. 11, 2008) (unpublished mem.).  Therefore, Questions 2 and 7 of the Revised Statement of Questions must be dismissed, and those portions of Questions 1 and 4 relating to the Quechee Covenants must also be dismissed.

The Town argues that Questions 4 and 5 call for an impermissible advisory decision from the Court, because the present application for Lot B does not involve the construction of a "guest house" or accessory dwelling unit.  However, those questions are not advisory because, under Appellant's argument, the classification of the guest house/accessory dwelling unit on Lot A affects whether the new single-family dwelling now proposed for Lot B should be counted as an allowed second principal dwelling or should be counted as a third principal dwelling. It is within this Court's jurisdiction to determine whether the Hartford Zoning Regulations, the state statute, and/or the Quechee Lakes Master Plan provides for a guest house/guest quarters to be constructed in or as an accessory structure, as well as the two single-family houses.  Therefore the remainder of Question 4 and Question 5 will not be dismissed.

Questions 3 and 6 also will not be dismissed, as they relate to whether the two lots allowed to be created from a Farmstead parcel, after the resubdivision, fall within the provisions of § 4-2B of the Quechee Lakes Master Plan governing single family lots, or whether lots originating from Farmstead parcels are excluded from those provisions.

All that can be before this Court in this case is whether the new house proposed for Lot B is allowed under the zoning ordinance and under any municipal approvals of the Quechee Lakes Planned Development.  The municipal approval of the Quechee Lakes Planned Development requires the determination of whether the new house proposed for Lot B conforms with the Quechee Lakes Master Plan.  On the other hand, any question regarding whether the proposal conflicts with the Quechee Lakes Covenants or with individual deed restrictions is a matter for superior court.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Motions to Dismiss are GRANTED in Part, as discussed above, and are otherwise DENIED.

The questions from the Statement of Questions remaining in this proceeding are as follows, retaining their original numbering: Question 1, exclusive of the portion following the phrase "Quechee Lakes Master Plan;" Questions 3 and 6, taken together and not as a challenge to the 1984 approval of the resubdivision; Question 4, exclusive of the final three words as to the Quechee Covenants; and Question 5.[2] For ease of reference, Appellants may file a Statement of Questions containing only these remaining questions; however, please continue to refer to them by their original numbering.

It does appear to the Court that the questions not dismissed by the present order are suitable to be determined by summary judgment, that is, that they probably do not require a trial. To convert a motion to dismiss to a motion for summary judgment, it is necessary to give the parties the opportunity to comply with V.R.C.P. 56. See V.R.C.P. 12(c); In re UVM Constr. & Landscape Permit, No. 169-8-08 Vtec, slip op. at 1 (Vt. Envtl. Ct. Mar. 12, 2009) (Wright, J.). The parties have not so far provided either the Hartford Zoning Regulations or the earlier ZBA or Planning Commission decisions on the development as a whole.

Accordingly, a telephone conference has been scheduled to establish a schedule for such motions, or to determine whether such motions can be decided on the basis of the present memoranda with additional affidavits and Rule 56 material, and also to

---

[2] In connection with Question 5, please be prepared to address 24 V.S.A. § 4412(1)(E) in any analysis of the Regulations' provision or lack of provision for an accessory dwelling unit.

5

discuss the relative timing of this appeal and the related Superior Court litigation.  (See enclosed notice.)



        Done at Berlin, Vermont, this 17th day of March, 2009.




                        _____
                        Merideth Wright
                        Environmental Judge